UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PFIZER INC, *et al.*, )<br>)<br>Plaintiffs/Counter-Defendants, )<br>)<br>v. )<br>)<br>MATHEW I. GELFAND, M.D., )<br>)<br>Defendant/Counter-Plaintiff. )<br>) | Civil Action No.: 08 CV 02018 LAK |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS OR TO STRIKE DEFENDANT'S EARLIER-FILED "COUNTERCLAIMS"**

Defendant Mathew I. Gelfand, M.D. ("Dr. Gelfand"), by and through his undersigned counsel, hereby respectfully submits his opposition to Plaintiffs' motion to dismiss Defendant's initial Counterclaims. Because Dr. Gelfand has now filed an answer, including affirmative defenses and counterclaims denominated as such, Plaintiffs' motion to dismiss or to strike Dr. Gelfand's earlier-denominated "Counterclaims" is moot.

**A. Facts**

1. Plaintiffs commenced this action by the filing of a complaint for declaratory relief on February 28, 2008.

2. On March 24, 2008, Dr. Gelfand timely filed a motion to dismiss Plaintiffs' complaint and, at the same time, filed a set of allegations, denominated as counterclaims, that satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Dr. Gelfand's "counterclaims" anticipated the dismissal of Plaintiffs' complaint.

3. On April 10, 2008, Plaintiffs moved to dismiss or to strike Dr. Gelfand's "counterclaims" on the grounds that they were not pleaded as part of a "pleading" allowed by Rule 7(a), which delimits the nature of pleadings allowed under the federal rules.

4. On April 18, the Court denied Dr. Gelfand's motion to dismiss Plaintiffs' Complaint. That Order triggered Dr. Gelfand's obligation pursuant to Rule 12(a)(4)(A) to answer Plaintiffs' Complaint within 10 days.

5. On April 23, 2008, Dr. Gelfand filed his answer, affirmative defenses, and counterclaims against Plaintiffs, all pursuant to Rules 8(a) and 13(a).

**B.    Plaintiffs' Motion to Dismiss is now moot.**

There is no question that Dr. Gelfand's counterclaims for infringement of h is patent are compulsory as against Plaintiffs' complaint for a declaration of noninfringment of the same patent. *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). In that light, and in the context of this action, which commenced with a request for an order of noninfringment, Plaintiffs' motion elevates form over substance, inconsistent with the dictates of Rule 1 of the Federal Rules. In any event, Dr. Gelfand's current compliance with Rule 7(a) within the time allowed by the Federal Rules and Local Rules of this Court moots Plaintiffs' motion to dismiss the earlier-filed counterclaims, as Plaintiffs must now respond to Dr. Gelfand's compliant counterclaims, which are substantially similar to his earlier-filed "counterclaims."

**C.    Plaintiffs Alternative Motion to Strike is likewise moot, inapplicable to Dr. Gelfand's earlier-filed "counterclaims," or should be denied for lack of prejudice.**

Rule 12(f) authorizes the Court to strike "from a pleading" any insufficient defense or "any redundant, immaterial, or scandalous matter." Plaintiffs cannot characterize Dr. Gelfand's earlier-filed "counterclaims" as a "pleading" for purposes of striking it and as something other than a "pleading" for purposes of dismissing under Rule 7(a). *Hrubec v. Nat'l R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N. D. Ill. 1993), *aff'd on other grnds* 49 F.2d 1269 (7th Cir. 1995).

Moreover, Plaintiffs do not demonstrate that they will be prejudiced by allowing Gelfand's earlier-filed "counterclaims" to remain on the docket in this case. *First Nat'l Bank & Trust Co. v. FDIC*, 730 F. Supp. 501, 514 (E.D.N.Y 1990) ("Unless it is clear that portions of the pleadings "sought to be struck [have] 'no bearing on the subject matter of the litigation and that [their] inclusion will prejudice the defendant, the complaint should remain intact.") (citations omitted). Plaintiffs can hardly be prejudiced by having to respond to compulsory counterclaims, however denominated, to an action that they commenced.

WHEREFORE, Dr. Gelfand respectfully requests that this Court DENY Plaintiffs' motion to dismiss or, in the alternative, to strike Dr. Gelfand's earlier-filed "counterclaims."

Dated:  April 23, 2008                                  Respectfully Submitted,
Bethesda, Maryland


                            **THE ROTBERT LAW GROUP, LLC**


                              /s/ Mitchell J. Rotbert
                            Mitchell J. Rotbert
                            Bar No. MR-0484
                            7315 Wisconsin Avenue
                            Suite 1250 West

        Bethesda, Maryland 20814
        Phone: (240) 333-4517
        Fax:     (301) 251-4032
        mrotbert@rotbertlaw.net

*Attorney for Defendant/Counter-Plaintiff Mathew I. Gelfand, M.D.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 23rd day of March, 2008, I caused a copy of the foregoing to be delivered via ECF filing and by United States Mail, postage prepaid, to:

David G. Ebert
INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP
250 Park Avenue
New York, New York 10177
*Counsel for Plaintiffs*

Rudolf E. Hutz
Jeffrey B. Bove
Mary W. Bourke
CONNOLLY BOVE LODGE & HUTZ LLP
1007 Noth Orange Street
Wilmington, DE 19899
*Counsel for Plaintiffs*

                                                  /s/ Mitchell J. Rotbert
                                                    Mitchell J. Rotbert