```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PFIZER, INC., et al.,

                    Plaintiffs,

       -against-                              08 Civ. 2018 (LAK)

MATHEW I. GELFAND, M.D.,

                    Defendant.
------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2008

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       Plaintiffs move to dismiss the first, third, and fourth claims for relief set out in defendant's counterclaims as to all plaintiffs and, in addition, the second claim for relief insofar as it is asserted against plaintiffs Jarvik and Jarvik Heart, Inc. ("JHI"). The Court assumes familiarity with the pleadings in question.

       1.    Defendant's '688 patent teaches "[a] method for prevention of thrombotic vascular disease in a mammal, comprising the chronic administration to a patient in need thereof of an effective dose of a thrombolytic reagent to a mammal." [DI 19, Ex. A, at 10] The first claim for relief alleges direct infringement based solely upon plaintiffs' selling and offering for sale of Lipitor® and Caduet®. But the sale or offer of sale of a product as a matter of law does not in itself infringe a method claim. *E.g., BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007). Such a claim is infringed only where the alleged infringer performs or uses "each and every step or element of a claimed method or product." *Id.* at 1378. As there is no allegation that any of the plaintiffs performed or used each and every step of the claimed method, the first claim for relief fails to state a claim upon which relief may be granted. Defendant's assertion that plaintiffs have engaged in the "sale of Gelfand's method" cannot be squared with his pleading – what they sold was the drugs, not the method. While others may have used the drugs as a method to accomplish the result sought to be achieved by the '688 patent, plaintiffs' liability, if any, for such actions is properly considered in the context of defendant's second claim for relief, which alleges that plaintiffs induced infringement by others.

       2.    Defendant's third claim for relief purports to allege infringement of the '688 patent under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2)(A). It fails to state a claim upon which

relief may be granted for the reasons set forth in plaintiffs' memoranda.

3. The fourth claim for relief alleges that Pfizer directly infringed the '688 patent "by making" Lipitor® and Caduet®. This claim is insufficient for the same reason as the first. The assertion that Pfizer manufactured the drugs for an infringing purpose is off the mark. Defendant's citation of *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336 (Fed. Cir. 2001), *cert. denied* 535 U.S. 906 (2002), moreover, is inapposite. Nothing in that case suggests that a method claim may be infringed directly absent practice of the method by the alleged infringer.

4. Plaintiffs seek also the dismissal of the inducement claim against Jarvik and JHI. The counterclaim is devoid of factual allegations against JHI, and defendant's attempt to save that claim against it on the theory that it is Jarvik's *alter ego* fails in light of plaintiff's failure sufficiently to allege a factual basis for *alter ego* liability. Likewise, given the absence of any allegation that Jarvik was aware or should have been aware of the '688 patent prior to the commencement of this action, the counterclaim fails to allege facts permitting the inference that Jarvik acted with specific intent to cause direct infringement, an essential element of inducement liability. *See, e.g., Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292-93 (Fed. Cir. 2008).

Accordingly, plaintiffs' motion to dismiss the first, third, and fourth claims for relief of the counterclaim as against all plaintiffs and, in addition, the second claim for relief as against plaintiffs Jarvik and JHI is granted in all respects.

SO ORDERED.

Dated:   July 9, 2008

_____
Lewis A. Kaplan
United States District Judge